UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
VERNON LESHORE,                                           :
                              Plaintiff,                  :   **MEMORANDUM DECISION AND**
                                                          :   **ORDER**
                - against -                               :
                                                          :   16 Civ. 2410 (BMC)
                                                          :
COMMISSIONER OF SOCIAL SECURITY,                          :
                                                          :
                              Defendant.                  :
----------------------------------------------------------X

**COGAN**, District Judge.

Plaintiff, proceeding *pro se*, filed a complaint seeking judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of Social Security (the "Commissioner") that he is not disabled, and thus not entitled to disability benefits. The Commissioner has moved for judgment on the pleadings and plaintiff has failed to respond despite due notice of the motion and of his obligation to respond. The Court has independently reviewed the record and determined that the Commissioner's motion should be granted.

## BACKGROUND

The record demonstrates that plaintiff complained of numerous physical and mental ailments and saw several doctors during the relevant period of February 2013 to October 2015. Plaintiff has complained of the following physical ailments, *inter alia*: back pain, shoulder pain, leg pain and swelling, knee pain, generalized body pain, deep vein thrombosis in the right leg, bilateral leg edema, osteoarthritis in the right knee, hypertension, asthma, pulmonary embolism, and type II diabetes. Plaintiff has complained of the following mental impairments: dysphoric mood, bipolar disorder, alcohol abuse, marijuana abuse, cocaine dependence, and antisocial personality disorder.

After a hearing, the Administrative Law Judge ("ALJ") issued a decision finding that plaintiff has severe impairments consisting of diabetes mellitus, recurrent deep vein thrombosis, lumbar degenerative disc disease, bilateral knee osteoarthritis, obesity, mood disorder, and drug and alcohol abuse. However, the ALJ further found that these impairments do not render plaintiff disabled. The ALJ first found that the impairments do not meet or medically equal a listing in 20 CFR Part 404, Subpart P, Appendix 1. The ALJ then found that plaintiff has the residual functioning capacity to perform sedentary work, with limitations, because, although plaintiff's impairments could reasonably be expected to cause the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms are not entirely credible. Last, the ALJ credited the testimony of the vocational expert and found that plaintiff is unable to perform his past relevant work as a circus amusement equipment operator and a building maintenance supervisor, but there are other sedentary occupations that exist in significant numbers in the national economy that plaintiff could perform.

Following the ALJ's decision, plaintiff submitted additional medical evidence to the Appeals Council, but it found that this evidence did not require reexamination of the ALJ's decision.[1]

## DISCUSSION

The scope of judicial review of the Commissioner's decision is limited, and the reviewing court may not try the case *de novo* or substitute its findings for those of the Commissioner. See Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002); Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998). Judicial review of disability benefit determinations is governed by 42 U.S.C. §§ 421(d)

---

[1] The Appeals Council noted that in considering plaintiff's request for review, it did not consider two exhibits submitted as additional evidence because they are dated after the ALJ's decision and do not concern plaintiff's condition prior to then. This was procedurally proper because the Appeals Council is only required to consider additional evidence if it is "new," "material," and "relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b).

and 1383(c)(3), which incorporate the standards established by 42 U.S.C. § 405(g). In relevant part, § 405(g) adopts the familiar administrative law review standard of "substantial evidence," i.e., that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." Thus, if the Commissioner's decision is supported by substantial evidence, and there are no other legal or procedural deficiencies, her decision must be affirmed.

The Supreme Court has defined "substantial evidence" to mean "more than a mere scintilla[; i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971) (internal quotation marks and citation omitted). "In determining whether substantial evidence supports a finding of the Secretary, the court must not look at the supporting evidence in isolation, but must view it in light of the other evidence in the record that might detract from such finding, including any contradictory evidence and evidence from which conflicting inferences may be drawn." Rivera v. Sullivan, 771 F. Supp. 1339, 1351 (S.D.N.Y. 1991).

I have reviewed the record to determine if there is substantial evidence to support the ALJ's determination of non-disability. As in most cases, the record is not entirely one-sided, but there is more than substantial evidence. The Commissioner's finding that plaintiff's statements as to the persistence, intensity, and limiting effects of his symptoms are not entirely credible and that he is capable of performing sedentary work, with limitations, is supported by the inconsistencies in plaintiff's own statements, the testimonies of two impartial medical experts, Dr. Dorothy Kunstadt and Dr. Chukwuemeka Efobi, medical records from New York City Correctional Health Services, and the generally normal results of examinations conducted by plaintiff's treating physicians.

Plaintiff's statements regarding his ability to perform activities of daily living at the hearing were inconsistent with information he previously provided. At the hearing, plaintiff testified that he has difficulties washing himself, he needs help getting dressed, he sometimes has trouble taking public transportation, he can only sit for twenty minutes and stand for ten minutes, he does not socialize, and he dislikes being around people. However, plaintiff had previously reported that he helps cook, clean, and do laundry, he bathes, grooms, and dresses himself, he does some shopping, he takes public transportation, he plays with his dogs, and he talks with his children. Plaintiff also provided inconsistent information regarding his substance and alcohol use. At the hearing, he testified that he has not used drugs or alcohol since 2008. However, this is contradicted by evidence in the record that cocaine was found in plaintiff's system in February 2014 and that plaintiff admitted to alcohol abuse in July 2013. Finally, although plaintiff has previously made numerous complaints of knee, back, and leg pain to his treating physicians, the generally normal results of examinations conducted by his treating physicians undermine plaintiff's claims about the persistence, intensity, and limiting effects of his pain. Many of the examinations revealed that plaintiff's gait is normal, he has full muscle strength and full range of motion, and he has no neurological impairments.

The Commissioner, not the Court, is responsible for appraising witness credibility. Here, the ALJ's finding that plaintiff's statements are not entirely credible is sufficiently supported by the inconsistencies between plaintiff's testimony and the record, and thus it must be upheld. See Aponte v. Sec'y Dep't of Health & Human Servs., 728 F.2d 588, 591 (2d Cir. 1984); McLaughlin v. Sec'y of Health, Educ. & Welfare, 612 F.2d 701, 705 (2d Cir. 1980).

The Commissioner's finding that plaintiff can perform sedentary work, with limitations, is also amply supported by the testimonies of Dr. Dorothy Kunstadt and Dr. Chukwuemeka

Efobi, who gave their opinions after reviewing all of the medical records and hearing plaintiff's testimony, and medical records from New York City Correction Health Services.

Dr. Kunstadt, a medical expert, testified that although the record indicates diabetes with less than optimal control, there are no complications. She testified that many of plaintiff's complaints, such as history of heart disease, asthma, back and shoulder pain, and numbness in his hands and fingers, are not substantiated by objective medical findings. Dr. Kunstadt also noted that diabetes is not likely to cause the generalized body pain of which plaintiff complains. Dr. Kunstadt opined that plaintiff's deep vein thrombosis would not significantly limit his ability to walk and that the record overall indicates that plaintiff does not have significant difficulty ambulating. This testimony supports the ALJ's finding that plaintiff is not disabled based on his physical impairments.

Dr. Efobi, a mental health expert, testified that plaintiff exhibited psychotic symptoms only briefly in October 2014, and although plaintiff has exhibited symptoms of mood disorder and depression, sometimes plaintiff shows no mental functioning problems. Dr. Efobi opined that plaintiff has only a mild limitation in activities of daily living, a moderate limitation in social functioning, a mild to moderate limitation in concentration, and has had no episodes of decompensation of extended duration. This testimony supports the ALJ's finding that plaintiff is not disabled based on his mental impairments.

Plaintiff's medical records from New York City Correction Health Services, from plaintiff's incarceration in April 2014, demonstrate that although plaintiff complained of knee and back pain, an examination revealed intact range of motion. Plaintiff was advised only to take Tylenol for pain and was not provided a cane, despite his requests for one. Further, although plaintiff was diagnosed with mood disorder, his last psychiatric assessment while

5

incarcerated indicates that plaintiff was cooperative, his attention and concentration were adequate, his impulse control was adequate, his memory was not impaired, he had no suicidal thoughts, and his intellectual functioning was average. This testimony supports the ALJ's finding that plaintiff is capable of performing sedentary work.

Although the opinions of plaintiff's treating physicians, Dr. Abdul Akhand, Dr. Charlie Chen, and Dr. Rozaliya Vernikov, are contradictory to the ALJ's finding of non-disability, I do not find that the ALJ improperly discounted their opinions. "Although the treating physician rule generally requires deference to the medical opinion of a claimant's treating physician, the opinion of the treating physician is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts." Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (internal citation omitted); see also Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) ("[T]he opinion of a claimant's treating physician . . . is given controlling weight so long as it is well-supported . . . and is not inconsistent with other substantial evidence in the case record.") (internal quotation marks, citations, and alternations omitted).

Dr. Akhand opined that plaintiff has significant limitations in fine and gross manipulation and reaching, can only sit for one hour per day and stand or walk for one hour per day, has frequent interference with attention and concentration, and is unable to perform even low-stress work. The ALJ, however, adequately explained that he gave little weight to Dr. Akhand's opinion, not only because his opinion is inconsistent with other evidence in the record, but because it is not supported by his own treatment notes and routine treatment of plaintiff. In fact, because Dr. Akhand's role in treating plaintiff was limited to prescribing medication refills and

6

referring plaintiff to other specialists, it is somewhat of an overstatement to call him a treating physician at all.

Dr. Chen opined that plaintiff has marked limitations in right hand grasping and bilateral fine manipulation, has moderate limitation in left hand grasping, can only sit for one hour and stand or walk for one hour, and has constant interference of attention and concentration. The ALJ adequately explained that he gave little weight to Dr. Chen's opinion because: (1) he only saw plaintiff once; (2) his opinion is internally inconsistent because he found that plaintiff has constant interference with attention and concentration, but that plaintiff can still perform low stress work; and (3) the physical limitations he found are inconsistent with plaintiff's daily activities of performing chores, shopping, and taking public transportation. Again, the fact that Dr. Chen only saw plaintiff once makes his classification as a "treating physician" less important, as one of the factors the Commissioner looks to when weighing a physician's opinion is the longitudinal relationship between the claimant and the physician. See 20 CFR § 404.1527(c)(2)(i); Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008) ("[G]enerally, the longer a treating source has treated [the plaintiff] and the more times [the plaintiff] has been seen by a treating source, the more weight the Commissioner will give to the source's medical opinion.") (internal quotation marks, citation, and alterations omitted).

Dr. Vernikov found that plaintiff has mostly mild to moderate limitations in various areas of mental functioning and that he is unable to function when more than one person is involved. She opined that plaintiff will decompensate without medication and that he is unable to perform even low-stress work. The ALJ adequately explained that he gave little weight to Dr. Vernikov's opinion because: (1) it is inconsistent with other evidence in the record that shows that plaintiff interacts with his children, talks with friends, and uses public transportation; and (2) it is

7

internally inconsistent because she opined that plaintiff is unable to perform even low-stress work despite finding that plaintiff mostly has only mild to moderate limitations in mental functioning.

The inconsistencies between the opinions of the medical experts and the opinions of plaintiff's treating physicians is a "[g]enuine conflict in the medical evidence" that is "for the Commissioner," not the Court, "to resolve." Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002). Here, the ALJ adequately explained his decision to discount plaintiff's treating physicians' opinions based on inconsistencies with other medical evidence in the record. Thus, I do not find that the opinions of plaintiff's treating physicians mandate reversing the ALJ's decision.

## **CONCLUSION**

The Commissioner's motion for judgment on the pleadings is granted. The Clerk is directed to enter judgment in favor of defendant, dismissing the complaint.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
      December 4, 2016